BARKDULL, Judge.
Prior to August 24, 1994, Tire Kingdom operated a store in South Dade County, in space leased from Waterbed City. As a result of hurricane Andrew, Tire Kingdom’s store was severely damaged. The building in which that store was located was also heavily damaged with the roof having been stripped off, the storefront windows broken, the doors blown out, and the demising wall[1] partially knocked down by the force of the storm. Tire Kingdom’s lease contained a clause entitled Damage to Premises Force Majeure. That clause stated that:
If the premises shall be destroyed or damaged by fire, windstorm, civil disturbance or other casualty during the Term so that *1006 the same shall be rendered untenantable, Landlord shall have the right to render the Premises tenantable by repairs made within one hundred eighty days from the date of any such casualty....
There is no material dispute that Waterbed City repaired the doors, windows, roof and demising wall prior to the one hundred eighty day deadline. There is also no dispute that the exterior of the building had been cleaned up and that the building was debris-free prior to the one hundred eighty day deadline. The only dispute between the parties is whether the building had been rendered tenantable, pursuant to the Force Majeure clause, prior to the one hundred eighty day deadline. Based on these facts Waterbed City moved for summary judgment. At hearing Tire Kingdom argued that the building had not been rendered tenant-able because Waterbed City had failed to reconstruct Tire Kingdom’s interior improvements, which had been incorporated into the leased space, prior to the one hundred eighty day deadline. Waterbed City argued that “tenantable” is synonymous with structurally sound, that the building was structurally sound and that it was not responsible for repairing Tire Kingdom’s interior improvements in order to make the building tenant-able pursuant to the Force Majeure clause. The trial court granted Waterbed City’s motion, this appeal followed.
The issue before this court is whether the trial court erred in granting summary judgment for Waterbed City where the trial court determined as a matter of law that the building had been restored to tenantable condition.
At oral argument counsel for Waterbed City informed the court that when Waterbed City tendered possession of the property to Tire Kingdom, upon completion of repairs pursuant to the Force Majeure clause, the premises were in substantially the same condition as they were when Tire Kingdom took possession at the commencement of the lease. Although the record contains many inferences, which when taken favorably to Waterbed City, indicate that Waterbed City did tender the pi’emises to Tire Kingdom in substantially the same condition they were in at the commencement of the lease, those inferences may not be drawn in favor of Waterbed City because it was the moving party on summary judgment. See and compare Moore v. Morris, 475 So.2d 666 (Fla.1985). Taking all inferences in a light most favorable to Tire Kingdom, there remains a genuine issue of material fact as to whether the premises were restored to substantially the same condition as at the commencement of the lease. Moore.
Although the interpretation of a contract is to be determined by the trial court as a matter of law, DEC Electric, Inc. v. Raphael Const. Co., 558 So.2d 427 (Fla.1990), and the trial court in the case sub judice may rightly interpret the Force Majeure clause at issue here as a matter of law, the trial court must possess all the material undisputed facts prior to making that interpretation.
Accordingly we reverse the summary judgment on appeal and remand this case to the trial court for further proceedings consistent herewith.
Reversed.

. A permanent wall separating one tenant's leasehold from another’s where both tenants occupy a portion of the same building, in this case the wall separating Waterbed City’s store from that of Tire Kingdom.